No. 6063.

F. E. CHANUT VS. LEVASSEUR & CO. ET AL., AND SAME VS. E. L. LEVASSEUR.

These cases present a contestation in a *concurso* of creditors over the proceeds of sale of a stock of goods sold under legal process by the sheriff as the property of Edward Leon Levasseur. They are all privileged claims against Edward Leon Levasseur. L. H. Gardner & Co. excepted to the sale of the stock of goods being made under process of a different court than that having jurisdiction of their attachment suit, and objections were interposed to the legality of the sale of personal property under orders of seizures and sale. But these parties, L. H. Gardner & Co., claimed the proceeds of the property in the hands of the sheriff, and thereby admitted the legality of the sale. There is no error as to the distribution as made by the judge *a quo.*

APPEAL from the Fifth District Court, parish of Orleans. *Cullom,* J. *Kennard, Howe & Prentiss* and *T. M. Gill,* for L. H. Gardner, appellant. *A. & W. Voorhies,* for F. E. Chanut, appellee. *P. E. Théard,* for C. Joubert & Co., appellees. *G. Schmidt,* for Mrs. C. Anderson, appellee. *J. L. Tissot,* for C. Tiblier, administrator and appellee.

TALIAFERRO, J. These cases present a contestation in a *concurso* of creditors over the proceeds of a sale of a stock of goods sold under legal process by the sheriff as the property of Edward Leon Levasseur.

From the facts given in the case of L. H. Gardner & Co. vs. Levasseur & Co., just decided, it will be seen that Levasseur & Co., after compounding with their creditors in June, 1873, by agreeing to pay them thirty-three cents on the dollar in two installments, sold out on the first of

October following their entire stock of merchandise to Edward L. Levasseur, the son of P. W. Levasseur, one of the partners of Levasseur & Co.; that the transfer of these goods was made by notarial act, and that the consideration was $10,104 04, from which $168 04 were deducted as salary due him as clerk, and that for the remainder of the price he executed twenty-seven promissory notes falling due at various periods, drawn payable to his own order and indorsed by him. In the act of sale it was expressly stipulated that the vendor's privilege was reserved in favor of the vendors or any future holders of the notes. It will be further noted that on the twenty-second of November, 1873, L. H. Gardner & Co. brought suit against Levasseur & Co. on their original debt against that firm, and attached, on the eighth of December following, as property of their debtors, the stock of goods sold by Levasseur & Co. to Edward L. Levasseur, and which was delivered to him and went into his possession on the first of October, 1873. L. H. Gardner & Co. obtained judgment in their suit against Levasseur & Co. for the amount of their original debt, with interest and privilege as attaching creditors. Subsequent to the attachment of Gardner & Co., various creditors of Edward L. Levasseur brought suits against him and obtained judgments. Two of these suits were brought by F. E. Chanut, one for $300, the other for $1729 50 ; another was brought by Joubert & Co. for $200, a claim for merchandise ; another by Tiblier for rent of the store-house, $1250 ; and two suits were brought by Charlotte Anderson, the one for $3183 40, the other for $1140 53.

Four of these suits were brought in the Sixth District Court and two of them in the Fifth Court, and judgments were rendered in favor of the plaintiffs. They are all privileged claims, and against Edward L. Levasseur. They are predicated upon the promissory notes of Edward L. Levasseur, secured by vendor's privilege, except two of them, the claim of Tiblier, the lessor, and the claim of Joubert & Co., for merchandise sold to E. L. Levasseur and which was identified. For his claim of $200 he has the vendor's privilege. Writs of seizure and sale and writs of *fieri facias* were issued, and under them the goods were sold and the proceeds retained in the hands of the sheriff. Chanut then came into the Fifth Court and obtained a rule for a distribution of the proceeds of sale. A tissue of litigation ensued; various bills of exceptions were taken to the rulings of the judge on questions of practice for the most part. We do not regard it important in the decision of this case to pass upon them. L. H. Gardner & Co. excepted to the sale of the stock of goods being made under process of a different court than that having jurisdiction of their attachment suit, and objections were interposed to the legality of the sale of personal property under orders of seizure and sale. But these parties, L. H. Gardner & Co., claimed the proceeds of

the property in the hands of the sheriff, and thereby admitted the legality of the sale. The exception of L. H. Gardner & Co. to the rule for distribution was overruled. The judgment of the court was rendered as follows:

First—To Claude Tiblier, testamentory executor, agent, etc., his claim for rent with first privilege on the proceeds of sale.

Second—J. E. Joubert & Co., the sum of two hundred dollars with privilege on the proceeds of the goods identified herein.

Third—To F. E. Chanut and Charlotte Anderson, their claims with the privilege on the goods in store on the first of October, 1873, and which had belonged to Leon Levasseur.

Fourth—The claim of L. H. Gardner & Co.

From this judgment L. H. Gardner & Co. appealed.

We see no error in the judgment.. It appears to settle the legal rights in conformity with law.

Judgment affirmed.

Rehearing refused.